Thomas J. McGowan, Esq.
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Plaintiff*
190 Willis Avenue
Mineola, New York 11501
Tel: 516-747-0300
Email: tmcgowan@meltzerlippe.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE FEDERAL SAVINGS BANK,

                         Plaintiff,

      -against-

PAUL J. MANAFORT, KATHLEEN B. MANAFORT,
and "JOHN DOE 1" through "JOHN DOE 10", the John Doe
names being fictitious, said parties intended to be tenants
or occupants, if any, having or claiming an interest in,
or other entities having a lien upon, the premises
described in the complaint,

                         Defendants.
-------------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff The Federal Savings Bank ("FSB" or "Plaintiff"), by and through its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1.     This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose upon two mortgages held by FSB and encumbering the property commonly known as 377 Union Street, Brooklyn, New York 11231, and further known and designated on the Kings County Tax Map as Block 429, Lot 65 (the "Premises"). A true copy of the metes and bounds description for the Property is annexed hereto as Exhibit "A".

1

## PARTIES

2. FSB is a federally chartered national bank with Chicago, Illinois listed in its articles of association as the location of its main office and is therefore a citizen of Illinois for purposes of diversity jurisdiction.

3. Defendant Paul J. Manafort is a resident of the State of Florida residing at 10 St. James Drive, Palm Beach Gardens, Florida 33418 (collectively with Kathleen B. Manafort, the "Borrowers").

4. Defendant Kathleen B. Manafort is a resident of the State of Florida, residing at 10 St. James Drive, Palm Beach Gardens, Florida 33418 (collectively with Paul J. Manafort, the "Borrowers").

5. Defendants "John Doe 1" through "John Doe 10" are additional parties being the tenants, occupants or entities, if any, claiming an interest in or lien upon the Premises.

6. Each of the above-named Defendants have or may claim to have some interest in or lien upon the mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and/or is subject and subordinate to, the lien of the two mortgages being foreclosed herein.

## JURISDICTION AND VENUE

7. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000. Jurisdiction is proper here based on diversity of citizenship pursuant to 28 U.S.C. §1332.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the mortgaged Premises are located within the Eastern District of New York.

4836-6293-1168, v. 1

## AS AND FOR A FIRST CAUSE OF ACTION

9. On or about January 4, 2017, the Borrowers executed and delivered to TFSB a promissory note in the principal sum of Five Million Three Hundred Thousand ($5,300,000.00) (the "Project Loan Note") to evidence the loan made to them by TFSB in said amount. A true and authentic copy of the Note is annexed hereto as Exhibit "B".

10. The Borrowers also executed and delivered to TFSB a mortgage dated "as of" January 17, 2017 in favor of TFSB to secure the prompt and complete payment of the loan evidenced by the Project Loan Note (the "PL Mortgage"). A true and authentic copy of the Mortgage is annexed hereto as Exhibit "C".

11. The PL Mortgage was recorded on February 2, 2017 against the Premises in City Register File No. ("CRFN") 2017000047514 and any applicable recording tax was paid at that time of recording.

12. On or about January 4, 2017, the Borrowers executed and delivered to TFSB a promissory note in the principal sum of One Million Two Hundred Thousand ($1,200,000.00) (the "Building Loan Note") to evidence the loan made to them by TFSB in said amount. A true and authentic copy of the Note is annexed hereto as Exhibit "D".

10. The Borrowers also executed and delivered to TFSB a mortgage dated "as of" January 17, 2017 in favor of TFSB to secure the prompt and complete payment of the loan evidenced by the Building Loan Note (the "BL Mortgage"). A true and authentic copy of the BL Mortgage is annexed hereto as Exhibit "E".

11. The BL Mortgage was recorded on February 2, 2017 against the Premises in CRFN 2017000047516 and any applicable recording tax was paid at that time of recording.

3

12. The PL Mortgage and the BL Mortgage each provide in relevant part that the Borrowers were obligated to timely pay all principal and interest, other costs and charges and payments due under the Project Loan Note and the Building Loan Note, respectively.

13. The PL Mortgage and the BL Mortgage each further provide in relevant part that TFSB could require immediate payment in full of all sums secured by the PL Mortgage and the BL Mortgage respectively if the Borrowers failed to pay in full any monthly payment required to be made prior to or on the due date of the next monthly payment.

14. The PL Mortgage and the BL Mortgage each also provides in relevant part that TFSB is entitled to recover, among other things, its attorneys' fees incurred in connection with any default under the PL Mortgage and the BL Mortgage.

15. The Project Loan Note and the Building Loan Note each provide that principal and interest were required to be paid monthly on the first day of each month beginning on March 1, 2017.

16. The Project Loan Note and the Building Loan Note each provide that interest on the principal of the loans will be charged at the rate of 7.25% per annum until the full amount of the principal had been paid and that a late charge of five (5%) percent will be charged as to any overdue payment of principal and interest.

17. The Building Loan Note provides that an Event of Default thereunder would also be an Event of Default under the Project Loan Note.

18. The Building Loan Note provides that interest upon the entire unpaid principal sum due thereunder would accrue interest at the rate of two (2%) percent per month upon the occurrence of an Event of Default.

19. The Project Loan Note and the Building Loan Note each provide that the Maturity Date of said promissory notes were January 4, 2018 (the "Maturity Date").

20. TFSB is the owner and holder of: (i) the Project Loan Note and PL Mortgage and (ii) the Building Loan Note and BL Mortgage and is in physical possession of each of them.

21. The Borrowers failed to pay TFSB the monthly payments of principal and interest that were due and owing on November 1, 2017 under both the Project Loan Note and the Building Loan Note, and continuing to date.

22. The Borrowers defaulted under the terms of the Project Loan Note and PL Mortgage and under the terms of the Building Loan Note and the BL Mortgage by, among other things, failing to timely pay the monthly payments of principal and interest due and owing as to each note on November 1, 2017, and continuing thereafter to date.

23. The Borrowers also defaulted under the terms of the Project Loan Note and PL Mortgage and under the terms of the Building Loan Note and the BL Mortgage by failing to pay all of the principal and interest and other charges due when each of the Project Loan Note and the Building Loan Note matured on January 4, 2018.

24. The entire principal and interest and all other costs and charges due under the terms of the Project Loan Note and the Building Loan Note are due and owing upon the Borrowers' default thereunder.

25. As of March 3, 2021, the total amount due TFSB under the Project Loan Note and the PL Mortgage was the sum of $7,183,600.80, exclusive of any advances or legal fees and costs incurred or paid on and after that date.

4836-6293-1168, v. 1

26. As of March 3, 2021, the total amount due TFSB under the Building Loan Note and the BL Mortgage was the sum of $1,153,609.07, exclusive of any advances or legal fees and costs incurred or paid on and after that date.

27. During the pendency of this action, TFSB, in order to protect the lien of the PL Mortgage and the BL Mortgage, may be compelled to pay sums due on or for prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expense or charges affecting the Premises as to which it is entitled to add to the principal, interest and other charges due it, together with interest thereon from the date of making any such expenditure, so that the same may be added to, and secured by (i) the Project Loan Note and PL Mortgage and (ii) the Building Loan Note and the BL Mortgage.

28. No other action or proceeding has been commenced or is now pending for the foreclosure either of the PL Mortgage or the BL Mortgage to recover the amount due under the Project Loan Note or the Building Loan Note.

29. The Premises are not occupied nor were intended to be occupied as the primary residence of the Borrowers.

30. TFSB requests that in the event that this action proceeds to a judgment of foreclosure and sale, that the Premises be sold subject to the following;

    a. Any state of facts that an inspection of the Premises would disclose.

    b. Any state of facts that an accurate survey of the Premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Premises are located and any possible violations of same.

4836-6293-1168, v. 1

   e. Any right of tenants or persons in possession of the Premises.

   f. Any equity of redemption of the United States of America to redeem the Premises within 120 days of the sale.

   g. Prior liens of record, if any.

  31. In the event Plaintiff possesses any other lien(s) against the Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, surplus money proceedings.

  32. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, or which otherwise exist, and such election shall continue and remain effective.

  33. Plaintiff requests, pursuant to RPAPL §1371, that if the net proceeds obtained upon the foreclosure sale of the Premises is insufficient to pay all amounts due and owing it under: (i) the Project Loan Note and PL Mortgage and (ii) the Building Loan Note and BL Mortgage, a money judgment be issued to it equal in amount to the deficiency between the net proceeds obtained from the sale and the total amount due and owing TFSB under the terms and conditions of both the Project Loan Note and PL Mortgage and the Building Loan Note and BL Mortgage, or so much thereof as the Court determines is just and equitable, against Defendant Paul J. Manafort and Defendant Kathleen B. Manafort, jointly and severally.

4836-6293-1168, v. 1

**WHEREFORE,** Plaintiff The Federal Savings Bank respectfully requests judgment in its favor and against Defendants as follows:

- Adjudging and decreeing that any advances TFSB or agents made or will make pursuant to the terms of the Project Loan Note, the PL Mortgage, the Building Loan Note and/or the BL Mortgage for the payment of taxes, insurance premiums and other necessary charges affecting the Premises, together with interest thereon, are valid liens against the Premises;

- Fixing the total sum due TFSB for all amounts due under the terms and conditions of the Project Loan Note, the PL Mortgage, the Building Loan Note and/or the BL Mortgage, including but not limited to principal, interest, costs, late charges, expense of sale, allowances and disbursements, reasonable attorneys' fees and all other monies advanced and paid which are secured by the PL Mortgage and the BL Mortgage;

- That each and every Defendant, and all parties claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being named a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to the Premises;

- That the Premises, or such part thereof as may be necessary to raise the amounts due herein, be decreed to be sold according to law subject to any statement of facts an inspection of the Premises would disclose or an accurate survey of the Premises would show; as further discussed in the Complaint above;

- That out of the monies arising from the sale of the Premises, TFSB may be paid the total amounts due on the Project Loan Note, the PL Mortgage, the Building Loan Note and the BL Mortgage, plus all other amounts provided for and allowed under the judgement, including attorneys' fees and costs to be incurred in connection with this action, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective advance payments, to the extent allowed;

- That Defendants Paul J. Manafort and Kathleen B. Manafort be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, and a money judgment be awarded against each of them, jointly and severally, for the deficiency absent such debt being validly discharged in bankruptcy;

- That TFSB may become a purchaser upon such foreclosure sale;

- That this Court, if requested, forthwith appoint a receiver of rents and profits of the Premises with the usual powers and duties;

4836-6293-1168, v. 1