

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Thomas J. McGowan, Esq.*
*Partner*
*Writer's Direct Ext. 123*
tmcgowan@meltzerlippe.com

June 10, 2021

**VIA ECF**

Honorable Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom 4H North

    Re:    *The Federal Savings Bank v. Paul J. Manafort, Kathleen B. Manafort, et al.*
            Case No.: 21-cv-1400

Dear Judge Hall:

    We represent Plaintiff, The Federal Savings Bank ("TFSB"), and write in response to the pre-motion letter filed late on June 7th by the Manafort defendants. The letter evidences that Defendants and their counsel (who were admitted pro hac vice for this matter) will say and do anything to delay the resolution of this mortgage foreclosure action on its merits no matter how demonstrably false. Defendants' delay tactics were first evidenced by their obtaining (over TFSB's objection) two separate 30 day extensions of time to move or answer. Defendants now attempt to further delay resolution of this case by sanctionably frivolous motion practice.

    Defendants' proposed motion to dismiss is sanctionably frivolous as more fully explained below. TFSB respectfully requests that Defendants' motion be converted by the Court to a motion for summary judgment and that TFSB be granted leave to serve a cross-motion for summary judgment and for sanctions as against Defendants and their counsel, jointly and severally, for their frivolous motion. As per this Court's Individual Rule 6(b), Plaintiff's Local Civil Rule 56.1 Statement accompanies this pre-motion conference letter. Cites to Plaintiff's 56.1 statement will be noted as "(P56.1 at ¶___)". The affidavits of TFSB's James Brennan and by the undersigned also accompany this letter since they set forth evidence supporting the statements in Plaintiff's Rule 56.1 Statement. Mr. Brennan's affidavit also establishes that Defendants' motion is based on demonstrably false misstatements.

    This matter seeks to foreclose upon two promissory notes and mortgages **which matured on January 4, 2018 without being paid**. (P56.1 at ¶¶18, 21). Defendants also defaulted under the notes and mortgages at issue when they failed to pay the monthly payments due thereunder commencing with the payments due on each note on November 1, 2017 and continuing thereafter. (P56.1 at ¶20). TFSB owns the notes and mortgages at issue. (P56.1 at ¶24). The loans evidenced by the notes were secured by the mortgages recorded against the premises located at 377 Union Street, Brooklyn, New York (the "Premises"). (P56.1 at ¶¶5-10). The total sum of $6,062,344.55, exclusive of all of the legal fees and costs incurred or paid by TFSB, and after

TFSB's application of $2.5 Million in pledged cash collateral to the total debt due and owing in connection with the loans secured by the Premises, is due and owing TFSB as of June 30, 2021. ((P56.1 at ¶23).

The foregoing irrefutable facts establish TFSB's prima facie entitlement to summary judgment as a matter of well settled law. *See, e.g., Gustavia Home, LLC v. Bent*, 321 F.Supp.3d 409 (E.D.N.Y. 2018)(cites omitted)(the holder of a mortgage establishes a prima facie entitlement to summary judgment in a mortgage foreclosure action once it demonstrates "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment") *see also CIT Bank N.A. v. Donovan*, ___ Fed.Appx. ___, 2021 WL 1327216 (2d Cir. 2021)("Under New York law, a plaintiff in a foreclosure action establishes prima facie entitlement to summary judgment 'by producing evidence of the mortgage, the unpaid note, and the defendant's default' (cites omitted)"); *CIT Bank, N.A. v. Zisman*, 2020 WL 8081939 (E.D.N.Y. 2020)(same). The burden then shifts to Defendants to establish through admissible evidence that a genuine issue of material fact exists that precludes summary judgment. *See Id.* Defendants will not be able to satisfy this burden in light of the foregoing irrefutable facts.

Notwithstanding these irrefutable facts, Defendants frivolously contend in their pre-motion letter that TFSB's complaint should be dismissed because: (i) TFSB allegedly only made "conclusory" allegations as to Defendants' default in paying the loans at issue (as if one can be more specific than stating, as here, that the loans were not paid when they matured and that monthly payments were not paid when due on November 1, 2017 and continuing thereafter - which facts Defendants do not and cannot dispute); the latter assertion apparently being based on Defendants' contention that TFSB was required to, but did not "verify" the complaint in this action (as if that is possible under the FRCP) nor filed an affidavit with the complaint attesting to its truth (which is also not required under the FRCP but which affidavit will accompany TFSB's summary judgment motion); (ii) that one of the two loans upon which Defendants are in default was allegedly paid off by funds that TFSB was able to recover following the commencement of this action (from the government who had seized those funds) after our former President pardoned Mr. Manafort for his crimes on his way out of office (Defendants' misrepresentation to this Court that the pledge funds were only for one of the loans is demonstrably false as evidenced by the fact that the additional collateral were expressly pledged for both of TFSB's loans herein - defined collectively as "**Loan**" (emphasis original) in the pledge agreement – *see* Brennan Aff. at Ex. "F" at Recital A); and (iii) that TFSB did not provide Defendants with the notice allegedly required by RPAPL §1304(1) prior to commencing this action – which statute by its **express** terms does **not** apply to the commercial loans at issue and instead only applies to a "home loan" as defined therein; a fact Defendant's counsel intentionally failed to note to this Court.

To explain, RPAPL §1304(1) states that it applies (only) to a "home loan". A "home loan" is defined as a loan "secured by a mortgage…on real estate improved by a one to four family dwelling…**which is or will be occupied by the borrower as the borrower's principal dwelling**." *Id.* at § 1304(6)(a)(iii)(emphasis added). The Second Circuit, Eastern District of New York, and Appellate Division, Second Department **all** hold that compliance with RPAPL § 1304 is **not** required when the loan at issue is not a defined "home loan". *See, e.g., Gustavia Home, LLC v. Vaz*, 824 Fed.App'x. 83, 84 (2d Cir. 2020) (affirming that a loan cannot be "home loan" within the meaning of RPAPL § 1304 when the borrower does not reside at the property secured

by the loan at the time of the borrowing or at any time thereafter); *see also Vanderbilt Mortg. & Fin., Inc. v. Ammon*, 179 A.D.3d 1138, 1141 (2d Dep't 2020)(holding that "compliance with RPAPL § 1304 was not required" because, *inter alia*, the defendant "resided elsewhere"); *CIT Bank N.A. v. Elliot*, 2018 WL 1701947, at 11 (E.D.N.Y. 2018)(a mortgage loan was not a "home loan" because the borrower did not live at the property at the time the foreclosure action was commenced).

Here, neither loan at issue is a "home loan" as defined in RPAPL § 1304 because Defendants never occupied the property as their principal dwelling – either at the time the loan was signed or at the time Plaintiff commenced this action and they were instead renovating the Premises for re-sale. *See* Brennan Aff. at Exs. "G- I". *HSBC Bank USA, N.A. v. Ozcan*, 154 A.D.3d 822, 825 (2d Dep't 2017) (holding that a loan was not a "home loan" under RPAPL § 1304 where, as here, the defendant did not reside at the property at the time he signed the mortgage or at the time the foreclosure action was commenced); *Nationstar Mortgage, LLC v. Gayle*, 191 A.D.3d 1003 (2d Dep't 2021) (holding RPAPL § 1304 inapplicable and compliance not required where loan was not a "home loan" because subject property was not defendant's principal dwelling prior to commencement of action); *Citibank, N.A. v. Crick*, 176 A.D.3d 776, (2d Dep't 2019) (mortgagee not required to provide notice pursuant to RPAPL § 1304 when the loan was not a "home loan" because the borrower did not occupy the mortgaged premises as her principal dwelling); *Gustavia Home, LLC v. Rutty*, 2018 WL 2198742 (E.D.N.Y. 2018) (the notice required by RPAPL § 1304 does not apply because the mortgaged property is not the borrower's primary residence). The Court will also note that Defendants bear the burden of establishing that the loans at issue are 'home loans' under the statute (*see, e.g., US Bank Nat. Ass'n v. Richard*, 151 A.D.3d 1001 (2d Dep't 2017); a burden they cannot satisfy because, among other things, their contemporaneous documents and emails evidence that the loans at issue were commercial loans for the renovation and sale of the Premises (with the sale to occur after the renovations were completed). *See, e.g.,* Exhibits "G-I" to Brennan Aff.

In sum, Defendants' motion is sanctionably frivolous. Defendants' motion should be converted to one under FRCP 56 and TFSB should be granted leave to cross-move for summary judgment and for sanctions against Defendants and their counsel.

Respectfully submitted,

*/s/ Thomas J. McGowan*

Thomas J. McGowan

cc: Rodney Perry, Esq.
(via ECF)