

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Thomas J. McGowan, Esq.*
*Partner*
*Writer's Direct Ext. 123*
*tmcgowan@meltzerlippe.com*

September 22, 2021

**VIA ECF**
Honorable Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

- and -

Honorable Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *The Federal Savings Bank v. Paul J. Manafort, Kathleen B. Manafort, et al.*
Case No.: 21-cv-1400

Dear Judge Hall and Magistrate Judge Henry:

We represent Plaintiff The Federal Savings Bank ("TFSB"). This letter is written to both of your Honors since it concerns the scope of discovery and Defendants' service of palpably improper, overbroad and irrelevant discovery demands notwithstanding Judge Hall's admonition at the August 5, 2021 pre-motion conference relating to Defendants' frivolous motion to dismiss that discovery in this commercial foreclosure matter relating to two promissory notes that matured on January 4, 2018 without being paid **would be limited in scope by the Court and expedited** to enable TFSB to move for summary judgment. The Court will recall that TFSB's request for leave to file a motion for summary judgment was denied with leave to renew upon the completion of "reasonable discovery". Since we do not know the limits the Court intends to put on discovery it was not possible to try to resolve that issue with Defendants' counsel in advance of this letter. It is patent, however, that the discovery demands are improper. Guidance is thus sought as to the limitations that will be imposed on discovery against the background of the overbroad and irrelevant demands served by Defendants annexed hereto.

Examples of the palpably improper nature of the discovery demands served by Defendants Paul J. Manafort and Kathleen B. Manafort include, **but are no means limited to**:

<u>**Document Demand**</u>: **(a)** "[a]ll documents and communications concerning Defendants relating to the Loans"; **(b)** "[a]ll correspondence generated by TFSB concerning the Premises, the Loans, the Loan Documents, or the Action"; **(c)** "[a]ll documents and communications between TFSB . . . and any representative of the United States Government . . . concerning Defendants [etc]"; **(d)**

"[t]he personnel file[s] of Dennis Raico . . . Stephan Calk [and] James Brennan"; and **(e)** "[a]ll documents related to any immunity provided by any governmental authority related to the prosecution of Paul Manafort . . .". *See* Ex. "A" annexed hereto at items 2, 11, 16, 35-37, 38.

<u>Interrogatories</u>: **(a)** number more than 25 with the subparts in violation of FRCP 33(a)(1); and ask irrelevant and overbroad questions including: **(b)** "[d]escribe in detail the procedure and bases upon which the Loans and Loan Documents were approved by TFSB . . . explaining and identifying all documents related to TFSB's credit risk assessment for the Loans and stating all facts supporting TFSB's underwriting decision approving the Loans"; **(c)** "[i]dentify all individuals employed by, or acting in a representative capacity for, TFSB that raised concerns about approving the Loans and/or Loan Documents, and, for any individual identified, state every concern raised, when the concerns were raised, how they raised those concerns, and to whom they were raised"; **(d)** "state all details regarding all custodians of the Project Loan Note and the Building Loan Note [and] [i]nclude when each such custodian was in possession of the notes, on whose behalf the custodian was in possession of the notes, and who deposited the notes with each custodian"; **(e)** "[d]escribe in detail, including the date and content of, all communications between TFSB, its employees or agents (inclusive of attorneys . . .) and any federal agency involving the Loan or Loan Documents and identify all persons involved in those communications and identify all documents relating to such communications; and (f) "[i]dentify all other persons who were terminated or sanctioned as a result of the Loan".
*See* Ex. "B" annexed hereto at items 6, 7, 16, 20, 25.

<u>Requests to Admit:</u> **(a)** "[a]dmit that Stephan Calk was convicted of . . ."; **(b)** "[a]dmit that Paul Manafort was not convicted of  . . ."; **(c)** "[a]dmit that Paul Manafort did not solicit any bribe . . ."; **(d)** [a]dmit that the Loans should not have been approved by TFSB . . ."; and **(e)** "[a]dmit that the Loans were approved by TFSB as a result of Stephan Calk's bribery efforts".
*See* Ex. "C" annexed hereto at items 13, 14, 15, 16, 17.

While Defendants have not yet filed an answer to the complaint while their motion to dismiss is pending before the Court, it is irrefutable that the discovery demands they served are improper and violate the Court's admonition at the August 5th conference that discovery in this matter would be limited and expedited.

It is thus respectfully requested that your Honors schedule a conference (either jointly or not) to discuss limitations to be placed on Defendants' discovery demands and the expedition of discovery in general. If either of your Honors prefers, we will file a formal letter motion seeking to strike each of Defendants' discovery demands but thought this letter might be a more efficient way to address the limitations that the Court indicated would be imposed on discovery.

Respectfully submitted,

Thomas J. McGowan

cc:     Rodney Perry, Esq.
        (via ECF)