**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FEDERAL SAVINGS BANK<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>PAUL J. MANAFORT, et al.<br><br>　　　　　　　　　　Defendants. | Case No. 21-cv-01400<br><br>**DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Paul J. Manafort and Kathleen B. Manafort ("Defendants"), hereby request that Plaintiff The Federal Savings Bank ("Plaintiff" OR "TFSB") produce the documents requested herein at the offices of Riley Safer Holmes & Cancila LLP, 136 Madison Avenue, 6th Floor, New York, New York 10016 within thirty (30) days of service. Please email any production and written responses to Defendants' counsel, Rodney Perry, at the following email address: rperry@rshc-law.com.

## INSTRUCTIONS

1.　You are required to produce the original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody, or control or that any of your agents, attorneys, employees, or representatives maintain in their possession, custody, or control. If the original or original carbon copy is not in your possession, custody, or control or that of your agents, attorneys, employees, or representatives, a full, clear, legible copy thereof is to be produced.

2.　If you object to a portion of the request, produce all documents called for by that portion of the request to which you do not object.

3.　All electronically stored information ("ESI") should be produced as single page

group IV Tiffs with a DAT file, Opticon load file, and OCR text files for each Document. At least the following metadata fields shall be preserved and produced for e-mails: custodian, sender, recipient(s), subject, date sent, and parent/child identification for any attachments. The following metadata fields shall be preserved and produced for all other ESI: author, custodian, filename, date created, date last modified, and folder path. Embedded documents and images need not be extracted and separately produced unless an independent basis exists for their production. Further, any Excel® files or large files shall be included (with track changes not scrubbed) in their native format, and the DAT file should include a nativefile link field.

4. You are required to produce each document and/or tangible thing requested in a document request as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which each paper or thing may be organized or separated.

5. If you or your counsel asserts that any document or thing required to be produced is privileged or is otherwise protected from discovery, please set forth in your written response, with respect to each document or thing for which the claim of privilege is made:

  (a)   The name of the author of the document;

  (b)   The name of the sender of the document, if different from the author;

  (c)   The name of the person to whom copies were sent or otherwise made available;

  (d)   The business affiliation and job title of every person named in (a), (b), and (c) above;

  (e)   The date of the document;

  (f)   A brief description of the nature (*e.g.*, letter, memorandum) and subject matter of the document; and

  (g)   The basis for the privilege claimed.

6. If you are aware of the existence of any documents that you are unable to produce, specify in writing and serve upon the undersigned a list indicating the identity of such documents. The identification, for each such document, should set forth whether the document (i) has been

destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been, or is no longer in the possession, custody, or control of the responding party, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document should be identified. In each instance, explain the circumstances surrounding the disposition and state the date or approximate date thereof.

7. These document requests are continuing and therefore require you to supplement your responses should you discover additional documents between the time your responses and documents are produced and the time of trial.

8. Unless stated otherwise in a specific document request, the relevant time period for these requests is January 1, 2016, to the present.

## DEFINITIONS

1. "You" or "your" or "TFSB" shall mean Plaintiff The Federal Savings Bank, and its employees, agents, representatives, consultants, attorneys, affiliates, subsidiaries, predecessors, and anyone else acting on its behalf.

2. "Defendants" shall mean Defendants Paul J. Manafort and Kathleen B. Manafort.

3. "Premises" shall mean the real property located at 377 Union Street, Brooklyn, New York 11976, Block 429, Lot 65.

4. "Action" shall mean means *The Federal Savings Bank vs. Paul J. Manafort, et al.*, Case No. 21-cv-01400, currently pending in the United States District Court for the Eastern District of New York.

5. "Complaint" shall mean the operative Complaint in the above-captioned action.

6. Each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

7. "Communication(s)" shall mean any and all forms of transmission of information or

ideas between persons and/or entities, including but not limited to written, oral or electronic correspondence communication. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, text messages, iMessage, social media messages, blog posts, tape or video recordings, voicemails, diaries, logbooks, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

8. "Document(s)" shall include the full scope to the usage of these terms in Rule 34 of the Federal Rules of Civil Procedure. "Documents" also include all electronic documents, data and information, including but not limited to e-mails or other electronic messages, drafts of documents, metadata, attachments to e-mails or messages, internet service provider e-mails, voicemails, images, spreadsheets, draft spreadsheets, database files, faxes sent and received, contact lists, electronic calendars, and appointment reminders. A draft or non-identical copy is a separate document within the meaning of this term. "Document(s)" also include software. For the avoidance of doubt, all communications are documents.

9. "Identity" or "Identify" when used in reference to an individual person, shall be read to call for the following information with regard to him or her: the full name, including any other names by which such person has been known; the present address and telephone number; the present business address and telephone number; the present or last known relationship, association, or affiliation with this answering party, and if different, the relationship, association or affiliation at the time of the events referred to in the pleadings.

10. Document(s) that "Refer or Relate to" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, deals with, comments on,

responds to, describes, analyzes, or is in any way pertinent to that subject.

11. "Relating to" or "Concerning" shall be given the broadest meaning possible, including but not limited to referring to, concerning, reflecting, mentioning, demonstrating, memorializing, proving, disproving, or summarizing.

12. "Initial Disclosures" shall mean "Plaintiff's Rule 26(a)(1) Disclosure" filed in the Action on August 2, 2021.

13. "Project Loan" shall mean the loan issued by TFSB to Defendants in the amount of Five Million Three Hundred Thousand ($5,300,000.00) and identified as TFSB Loan No. 1010001444.

14. "Building Loan" shall mean the loan approved by TFSB in favor of Defendants in the amount of One Million Two Hundred Thousand ($1,200,000.00) and identified as TFSB Loan No. 1010001450.

15. The "Loans" shall mean any or all the Project Loan and Building Loan.

16. "Project Loan Note" shall mean the promissory note executed by and between TFSB and Defendants on January 4, 2017, for the principal sum of Five Million Three Hundred Thousand ($5,300,000.00), attached to the Complaint as Exhibit B.

17. "Project Loan Mortgage" shall mean the mortgage executed by and between TFSB and Defendants as of January 17, 2017, attached to the Complaint as Exhibit C.

18. "Building Loan Note" shall mean the Promissory Note executed by and between TFSB and Defendants on January 17, 2017, for the principal sum of One Million Two Hundred Thousand ($1,200,000.00), attached to the Complaint as Exhibit D.

19. "Building Loan Mortgage" shall mean the Mortgage executed by and between TFSB and Defendants on January 17, 2017, attached to the Complaint as Exhibit E.

20. "Pledged Account" shall mean Pledged Account No. 0002030969 as evidenced by the Deposit Account and Security Agreement executed by and between TFSB and Defendants as of January 17, 2017.

21. The "Loan Documents" shall mean any or all of the Project Loan Note, the Project Loan Mortgage, the Building Loan Note, the Building Loan Mortgage, the Pledged Account, and all other security instruments related to the Loans.

# DOCUMENT REQUESTS

1. All documents identified, referenced, or described in your Initial Disclosures.

2. All documents and communications concerning Defendants relating to the Loans.

3. All documents and communications concerning the Loans and the Loan Documents.

4. All documents and communications concerning the negotiation, determination, and/or execution of the Loans and/or the terms of the Loan Documents.

5. All documents which are related to the Loans, including, but not limited to, any security agreements, assignments, allonges, insurance agreements, servicing agreements, pooling and servicing agreements, and any other documents that relate to or reference in any way the Loans or TFSB's right to enforce the Loans.

6. All documents and communications concerning the maturity date of the Loans.

7. All documents and communications concerning Defendants' alleged default under the Loans and/or Loan Documents.

8. All documents and communications concerning the origination of the Loans, including, but not limited to, all loan applications (whether preliminary or final, signed, or unsigned) submitted by Defendants, all required preliminary disclosures for each of the Loans (*e.g.*, TILA Disclosure Statements, Good Faith Estimates and copies of preliminary loan applications) that TFSB maintains were mailed or otherwise provided to Defendants at any time prior to closing of the Loans.

9. All documents and communications concerning the servicing of the Loans, including, but not limited to, the complete computerized customer service record or computerized log of all telephone and other correspondence with Defendants for each of the Loans, all telephone log sheets, computer printouts, and any internal memoranda or notes concerning the Loans and the Pledged Account.

10. The detailed internal loan servicing history for each of the Loans and the Pledged Account, including, but not limited to, all notes made by TFSB customer services representatives.

11. All correspondence generated by TFSB concerning the Premises, the Loans, the Loan Documents, or the Action.

12. All notices sent to Defendants pursuant to the Loan Documents, including, but not limited to, notices or other correspondence relating to the alleged maturity and default under the Loan Documents.

13. All accounting ledgers relating to the Loans and/or the Pledged Account.

14. All documents and communications concerning any executed or unexecuted, recordable, or non-recordable assignment of the Loans and/or Loan Documents, including, but not limited to, assignments, transfers, allonges or any other document that purports to transfer the interest in the subject notes and mortgages to any party from the date of inception of the notes and mortgages to the present.

15. All documents that show who owned, held, serviced, or otherwise had any rights to enforce the Loans at issue in this Action when TFSB filed the Complaint.

16. All documents and communications between TFSB, on the one hand, and any representatives of the United States government, on the other hand, concerning Defendants, the Premises, the Loans, the Pledged Account, any other Loan Documents, or this Action. Documents sought by this request include, but are not limited to, communications between TFSB and the Department of Justice.

17. All documents and communications concerning TFSB's internal approval of the Loans, including, but not limited to, all documentation submitted to and considered by TFSB in approving the Loans, documents related to TFSB's credit risk assessment for the Loans, documents related to TFSB's underwriting decision, and documents and communications by or between Stephen Calk, Dennis Raico, Javier Ubarri, and/or James Brennan concerning approval of the Loans.

18. All documents and communications concerning the Term Sheet annexed as Exhibit A to Plaintiff's Requests for Admission dated August 9, 2021.

19. All documents and communications concerning TFSB's application toward the Loans of the Two Million Five Hundred Thousand ($2,500,000.00) received from the Pledged Account.

20. All documents and communications concerning TFSB's funding or disbursements (or the lack thereof) relating to construction and/or renovations for the Premises.

21. All documents and communications concerning the valuation of the Premises, including, but not limited to, every appraisal, value opinion, online valuation and/or other type of estimation, assessment, or investigation of the market value of the Premises.

22. All documents and communications relating to any post-closing review or audit that TFSB performed of its files for the Loans.

23. All documents and communications concerning any internal concerns about the issuance of the Loans.

24. All documents and communications concerning the purpose of the financing approved for Defendants.

25. All documents and communications concerning National Bancorp Holdings' ownership, acquisition of, or interest in all or part of the Loans.

26. All documents relating to the Loans that explain and describe in detail (a) the relationships among TFSB, National Bancorp Holdings, any servicer, any owner, any trustees past and present, any investor, any custodian, any depository, any special purpose vehicle or special purpose entity, and (b) any other material features of any transaction concerning the sale, transfer or assignment of the mortgages for the Loans at any time between the making of same and TFSB's filing of the Action.

27. All documents and communications relating to all custodians of the Project Loan Note and the Building Loan Note, including documents concerning when each such custodian was in possession of the notes, on whose behalf the custodian was in possession of the notes, and who deposited the notes with each custodian.

28. All documents relating to and/or reflecting TFSB's claim in the Action for legal fees related to the Loans.

29. All documents relating to and/or reflecting TFSB's calculation of late charges for the Loans.

30. All documents relating to and/or reflecting protective advances that TFSB made related to the Loans.

31. All documents that you, or any of your agents, claim were mailed or otherwise provided to Defendants at anytime that served to notify Defendants of a change in loan terms, including, but not limited to, a change in interest rate, adverse notice, change in terms notice, a change in process letter or any similar document(s).

32. All manuals, memoranda, instructions, training materials and other documents in effect at TFSB at any time in 2017 which discuss, describe, or set forth standards, criteria, guidelines, requirements, policies and/or practices relating to mortgage loan origination, application, qualification, processing, underwriting, and closing applicable to the type of loans that Defendants received.

33. All manuals, memoranda, instructions, training materials and other documents that set forth TFSB's policies, procedures, guidelines, best practices, standards, criteria and/or requirements applicable to the origination of the Loans in 2017.

34. All documents relating to any judicial or administrative proceeding (irrespective of date) in which TFSB or any of its employees or alleged agents were accused of deception, fraud and/or negligence in originating a prospective or closed mortgage loan.

35. The personnel file of Dennis Raico.

36. The personnel file of Stephan Calk.

37. The personnel file of James Brennan.

38. All documents related to any immunity provided by any governmental authority related to the prosecutions of Paul Manafort or Stephan Calk given to any officer, employee, representative, or agent of TFSB.

39. All documents, including, but not limited to correspondence and writings between TFSB and any governmental agency, related to the prosecution of Stephan Calk.

40. All internal communications of any type relating to the Loans or the Premises which had not previously been requested herein.

41. All communications of any type with third parties relating to the Loans or the Premises which had not been previously requested herein.

42. All documents identified or referred to in TFSB's responses to Defendants' First Set of Interrogatories to Plaintiff.

Dated: September 16, 2021

Respectfully submitted,

*/s/ Rodney Perry*
Rodney Perry
Matthew C. Crowl
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison St, Ste 2900
Chicago, IL, 60602
Tel: 312-471-8731
rperry@rshc-law.com
mcrowl@rshc-law.com

Nafiz Cekirge
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Tel: 718-662-8530
ncekirge@rshc-law.com

*Attorneys for Defendants Paul J. Manafort and Kathleen B. Manafort*

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and accurate copy of the foregoing, Defendants' First Set of Document Requests to Plaintiff, was caused to be served on the following parties by electronic mail on September 16, 2021:

Tom McGowan
Stephen W. Livingston
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Ave
Mineola, NY 11501
Phone 516-747-0300
www.meltzerlippe.com
slivingston@meltzerlippe.com
*Counsel for Plaintiff The Federal Savings Bank*

/s/ Rodney Perry
Counsel for Defendants Paul J. Manafort and
Kathleen B. Manafort