# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FEDERAL SAVINGS BANK<br><br>         Plaintiff,<br><br>  -against-<br><br>PAUL J. MANAFORT, et al.<br><br>         Defendants. | Case No. 21-cv-01400<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Paul J. Manafort and Kathleen B. Manafort ("Defendants"), hereby requests that Plaintiff The Federal Savings Bank ("Plaintiff" OR "TFSB") admit the requests contained herein within thirty (30) days of service. Please email any written responses to Defendants' counsel, Rodney Perry, at the following email address: rperry@rshc-law.com.

## **DEFINITIONS**

1. "You" or "your" or "TFSB" shall mean Plaintiff The Federal Savings Bank, and its employees, agents, representatives, consultants, attorneys, affiliates, subsidiaries, predecessors, and anyone else acting on its behalf.

2. "Defendants" shall mean Defendants Paul J. Manafort and Kathleen B. Manafort.

3. "Premises" shall mean the real property located at 377 Union Street, Brooklyn, New York 11976, Block 429, Lot 65.

4. "Action" shall mean means *The Federal Savings Bank vs. Paul J. Manafort, et al.*, Case No. 21-cv-01400, currently pending in the United States District Court for the Eastern District of New York.

5. "Complaint" shall mean the operative Complaint in the above-captioned action.

6. Each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

7. "Communication(s)" shall mean any and all forms of transmission of information or ideas between persons and/or entities, including but not limited to written, oral or electronic correspondence communication. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, text messages, iMessage, social media messages, blog posts, tape or video recordings, voicemails, diaries, logbooks, minutes, notes, studies, surveys, and forecasts, and all copies thereof.

8. "Document(s)" shall include the full scope to the usage of these terms in Rule 34 of the Federal Rules of Civil Procedure. "Documents" also include all electronic documents, data, and information, including, but not limited, to e-mails or other electronic messages, drafts of documents, metadata, attachments to e-mails or messages, internet service provider e-mails, voicemails, images, spreadsheets, draft spreadsheets, database files, faxes sent and received, contact lists, electronic calendars, and appointment reminders. A draft or non-identical copy is a separate document within the meaning of this term. "Document(s)" also include software. For the avoidance of doubt, all communications are documents.

9. "Identity" or "Identify" when used in reference to an individual person, shall be read to call for the following information with regard to him or her: the full name, including any other names by which such person has been known; the present address and telephone number; the present business address and telephone number; the present or last known relationship, association,

or affiliation with this answering party, and if different, the relationship, association or affiliation at the time of the events referred to in the pleadings.

10. Document(s) that "Refer or Relate to" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject.

11. "Relating to" or "Concerning" shall be given the broadest meaning possible, including but not limited to referring to, concerning, reflecting, mentioning, demonstrating, memorializing, proving, disproving, or summarizing.

12. "Project Loan" shall mean the loan issued by TFSB to Defendants in the amount of Five Million Three Hundred Thousand ($5,300,000.00) and identified as TFSB Loan No. 1010001444.

13. "Building Loan" shall mean the loan approved by TFSB in favor of Defendants in the amount of One Million Two Hundred Thousand ($1,200,000.00) and identified as TFSB Loan No. 1010001450.

14. The "Loans" shall mean any or all the Project Loan and Building Loan.

15. "Project Loan Note" shall mean the promissory note executed by and between TFSB and Defendants on January 4, 2017, for the principal sum of Five Million Three Hundred Thousand ($5,300,000.00), attached to the Complaint as Exhibit B.

16. "Project Loan Mortgage" shall mean the mortgage executed by and between TFSB and Defendants on January 17, 2017, attached to the Complaint as Exhibit C.

17. "Building Loan Note" shall mean the promissory note executed by and between TFSB and Defendants on January 17, 2017, for the principal sum of One Million Two Hundred Thousand ($1,200,000.00), attached to the Complaint as Exhibit D.

18. "Building Loan Mortgage" shall mean the mortgage executed by and between TFSB and Defendants on January 17, 2017, attached to the Complaint as Exhibit E.

19. "Pledged Account" shall mean Pledged Account No. 0002030969 as evidenced by the Deposit Account and Security Agreement executed by and between TFSB and Defendants as of January 17, 2017.

20. The "Loan Documents" shall mean any or all of the Project Loan Note, the Project Loan Mortgage, the Building Loan Note, the Building Loan Mortgage, the Pledged Account, and all other security instruments related to the Loans.

# REQUESTS FOR ADMISSION

1. Admit that the Two Million Five Hundred Thousand ($2,500,000.00) TFSB received from the Pledged Account was sufficient to pay the outstanding balance of the Building Loan.

2. Admit that, under the terms of the Loan Documents, TFSB could have applied the Two Million Five Hundred Thousand ($2,500,000.00) received from Pledged Account to pay the outstanding balance of the Building Loan in full.

3. Admit that TFSB did not apply the entirety of the Two Million Five Hundred Thousand ($2,500,000.00) received from the Pledged Account to the Building Loan.

4. Admit that Stephen Calk was the chairman and chief executive officer of TFSB when the Loans were approved, and the Loan Documents were executed.

5. Admit that Stephen Calk approved the Loans.

6. Admit that Stephen Calk approved the Loan Documents.

7. Admit that, at the time the Loans were executed, Paul Manafort had the single largest lending relationship with TFSB of any TFSB customer.

8. Admit that the Loans were over collateralized.

9. Admit that construction and/or renovations at the Premises was never completed.

10. Admit that TFSB ceased disbursement of funds from the Building Loan to Defendants prior to November 1, 2017.

11. Admit that TFSB assigned the Loans to another entity prior to filing the Complaint.

12. Admit that the present valuation of the Premises is more than the amount due under the Loans and Loan Documents.

13. Admit that Stephen Calk was convicted of financial institution bribery related, in part, to the Loans.

14. Admit that Paul Manafort was not convicted of participating in Stephen Calk's bribery

efforts.

15. Admit that Paul Manafort did not solicit any bribe on the part of Stephan Calk or TFSB related to the Loans.

16. Admit that the Loans should not have been approved by TFSB under TFSB's underwriting guidelines and/or lending risk assessment.

17. Admit that the Loans were approved by TFSB as a result of Stephan Calk's bribery efforts.

13. Admit that TFSB's internal investigation determined that Stephen Calk utilized TFSB and its assets in his bribery efforts.

Dated: September 16, 2021

Respectfully submitted,

*/s/ Rodney Perry*
Rodney Perry
Matthew C. Crowl
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison St, Ste 2900
Chicago, IL, 60602
Tel: 312-471-8731
rperry@rshc-law.com
mcrowl@rshc-law.com

Nafiz Cekirge
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Tel: 718-662-8530
ncekirge@rshc-law.com

*Attorneys for Defendants Paul J. Manafort and Kathleen B. Manafort*

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and accurate copy of the foregoing, Defendants' First Set of Requests for Admission to Plaintiff, was caused to be served on the following parties by electronic mail on September 16, 2021:

>Tom McGowan
>Stephen W. Livingston
>Meltzer, Lippe, Goldstein & Breitstone, LLP
>190 Willis Ave
>Mineola, NY 11501
>Phone 516-747-0300
>www.meltzerlippe.com
>slivingston@meltzerlippe.com
>*Counsel for Plaintiff The Federal Savings Bank*

>/s/ Rodney Perry
>Counsel for Defendants Paul J. Manafort and Kathleen B. Manafort