

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Thomas J. McGowan, Esq.*
*Partner*
*Writer's Direct Ext. 123*
tmcgowan@meltzerlippe.com

October 21, 2021

**VIA ECF**
Honorable Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *The Federal Savings Bank v. Paul J. Manafort, Kathleen B. Manafort, et al.*
Case No.: 21-cv-1400

Dear Magistrate Judge Henry:

We represent Plaintiff The Federal Savings Bank ("TFSB"). This commercial foreclosure matter concerns two commercial promissory notes that matured in January 2018 without being paid by Defendants Paul and Kathleen Manafort. This letter motion is written to your Honor to compel Defendants to immediately produce all documents responsive to TFSB's document demand. *See* Exhibit "A" attached hereto. The deadline for Defendants to respond and produce documents as to TFSB's document demand expired on October 13, 2021. The Court should note that, unlike TFSB who has produced documents to Defendants in connection with its request for leave to file a summary judgment motion which included a Rule 56.1 statement and affidavits in support and all exhibits to same as well as in response to Defendants' document demand, Defendants have not produced a single document to TFSB as of this date; including in their Initial Disclosures. The Court should further note that Judge Hall, during a conference held on August 5, 2021, instructed the parties that discovery in this matter would be both: (i) expedited (stating that the fact discovery deadline of January 14, 2022 fixed in the Scheduling Order so ordered during the Initial Conference held on July 22, 2021 **was 'too long'**) and (ii) limited given the fact that the commercial loans at issue matured over three and one half years ago and given Judge Hall's acknowledgement that TFSB can establish a *prima facie* entitlement to summary judgment right now. Judge Hall advised the parties that she would be speaking with your Honor about the foregoing.

In keeping with their litigation strategy of seeking to delay the resolution of this matter on the merits as long as possible, Defendants waited yet again until the eve of a deadline to request an extension of time to comply; this time to respond to TFSB's document demand. Defendants have literally not complied with a single deadline in this case (and a separate foreclosure case commenced by TFSB against them and their limited liability company concerning Bridgehampton property) without requesting at least one, and sometimes two extensions of time to comply. Defendants' counsel requested on October 12th, but was not granted, an extension of time to respond to TFSB's document demand in this case. In a good faith attempt to get Defendants to comply with their obligation to produce documents, the undersigned sent an email to Defendants' counsel on October 14, 2021 noting that no extension

of time had been granted and inquiring as to when Defendants would be forwarding its overdue response to TFSB's document demand. **No response was received to this inquiry. No response was received to a follow-up email sent on October 15, 2021. No response was received to yet a further follow-up email on October 18, 2021**. Finally, when advised by email on October 20, 2021 that Defendants' failure to respond left no choice but for TFSB to move to compel and seek sanctions, their counsel finally deemed to respond stating that Defendants would respond to TFSB's document demand <u>on the extension date they requested</u> in their October 12th letter (but have not been granted) abrogating unto himself the Court's authority to decide whether to grant an extension. True copies of the emails noted above are collectively annexed hereto as Exhibit "B". In short, TFSB's good faith efforts pursuant to Local Civil Rule 26.4 and Federal Rule 37(a)(1) to get Defendants to produce documents responsive to TFSB's document demand were first ignored and then rejected by counsel.

It is outrageous that an attorney, admitted pro hac vice to this Court no less, would act so arrogantly and in bad faith in refusing to comply with discovery deadlines in this case. TFSB respectfully requests that this Court grant its motion to compel, requiring Defendants to immediately produce all documents responsive to Plaintiff's document demand and to sanction Defendants and their counsel in an amount deemed appropriate by this Court for forcing TFSB to make this motion and for attempting to abrogate the Court's authority and grant themselves an extension of time that the Court did not grant.

Respectfully submitted,

Thomas J. McGowan

cc: Rodney Perry, Esq.