EXHIBIT "A"

4838-2734-1513, v. 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE FEDERAL SAVINGS BANK,

                      Plaintiff,

-against-

PAUL J. MANAFORT, KATHLEEN B. MANAFORT,
and "JOHN DOE 1" through "JOHN DOE 10", the John
Doe names being fictitious, said parties intended interest
in, or other entities having a lien upon, the premises
described in the complaint,

                      Defendants.
-------------------------------------------------------------X

Case No.: 21-cv-01400

## PLAINTIFF'S FIRST REQUEST TO DEFENDANTS
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), plaintiff Meltzer, Lippe, Goldstein & Breitstone, LLP ("MLGB"), hereby requests that defendants Paul J. Manafort and Kathleen B. Manafort produce by October 11, 2021, at the offices of Meltzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Avenue, Mineola, New York, the documents requested herein.

These document requests hereby incorporate by reference the full texts of the definitions and rules of construction set forth in paragraphs (c) and (d) of Local Rule 26.3, in addition to the instructions and definitions set forth below.

### INSTRUCTIONS

(a) You are required to respond to each of the document requests in writing, stating that the documents will be produced as requested and producing same with your response or that you object to the request and the reasons for the objection. If you object to only part of a request,

1

then identify the portion of the request with respect to which responsive documents will be produced and produce same with your response.

(b) These document requests shall be deemed continuing so as to require supplemental responses if you discover additional documents between the time your responses and documents are produced and the time of trial.

(c) In the event that you assert a claim of privilege or work product protection in response to a discovery request for documents or electronically stored information, you are required to provide a privilege log in compliance with Local Rule 26.2.

(d) Documents shall be produced either as they are kept in the usual course of business or organized and labeled to correspond with the categories in these document requests.

(e) Documents shall be produced together with the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.

(f) If any of the requested documents cannot be produced in full, produce them to the extent possible, state the reasons for your inability to produce the remainder, and state whatever information, knowledge or belief you have concerning the unproduced portion.

(g) If any document which is the subject of these requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such document as completely as possible, including the following information: (i) type of document, (ii) date of document, (iii) date when the document became lost, discarded or destroyed, (iv) circumstances under which the document was lost, discarded or destroyed, and (v) identity of all persons having knowledge of the contents of the document.

# DEFINITIONS

(a) The uniform definitions and rules of construction set forth in Local Rule 26.3 are hereby incorporated by reference herein.

(b) As used herein, and subject to the uniform definitions in Local Rule 26.3, "Plaintiff" shall refer to Plaintiff The Federal Savings Bank, its employees, agents, officers, directors, managers, supervisors, attorneys and any other persons acting under the name or authority of The Federal Savings Bank.

(c) The term "Defendants" shall refer to Defendants Paul J. Manafort and Kathleen B. Manafort, their employees, agents, and/or any other persons acting on their behalf; individually or collectively as the context requires.

(d) The term "Premises" shall refer to the construction and improvement of the real property located at 377 Union Street, Brooklyn, New York 11976, Block 429, Lot 65.

(e) The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(f) The terms "and" and "or" shall be construed conjunctively or disjunctively, as necessary, to make the request inclusive rather than exclusive. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any". "Each" includes the word "every" and "every" includes the word "each". The use of the singular shall include the plural, and vice versa, and the use of the masculine shall include the feminine and neuter form, and vice versa, as the context requires.

(g) As used herein, "Complaint" means the complaint filed March 17, 2021 with respect to this action.

(h) As used herein, "Defendants' Objection and Responses" means the "Defendants' Objection and Responses to Plaintiff's Requests for Admission" dated September 8, 2021, which was served by Defendants.

(i) As used herein, "Defendants' Initial Disclosures" means "Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)" dated August 2, 2021 which was served by Defendants.

## DOCUMENT REQUESTS

1. All documents identified or described in Section "II. Documents" of Defendants' Initial Disclosures.

2. The operating agreement of MC Brooklyn Holdings LLC.

3. All documents identifying and/or providing the contact information for the third member of MC Brooklyn Holdings LLC referred to in "Answer No. 2" to Defendants' Objection and Responses.

4. All documents concerning the acquisition of the Premises by MC Brooklyn Holdings LLC.

5. All documents and communications concerning the transfer of title of the Premises from MC Brooklyn Holdings LLC to Defendants Paul J. Manafort and Kathleen B. Manafort.

6. All documents and communications concerning the Term Sheet annexed as Exhibit "A" to Plaintiff's Requests for Admission dated August 9, 2021.

7. All documents and communications concerning any consideration paid or provided to MC Brooklyn Holdings LLC and/or to any of its members for the transfer of title of the Premises from it to Defendants Paul J. Manafort and Kathleen B. Manafort.

4816-6492-0826, v. 1

8. All documents and communications concerning the loans sought and obtained by Defendants from Plaintiff including the Project Loan Note and the Building Loan Note, as those terms are defined in the Complaint.

9. All documents and communications concerning the confidentiality obligation referred to in "General Objections, 2" to Defendants' Objection and Responses.

10. All documents and communications concerning the terms of financing sought by Defendants from Plaintiff relating to the Premises.

11. All documents and communications concerning the purpose of the financing sought by Defendants from Plaintiff relating to the Premises.

12. All documents and communications concerning the maturity date of the Project Loan Note and/or the Building Loan Note.

13. All documents and communications concerning the repayment of and/or an intention not to repay the Project Loan Note and/or the Building Loan Note.

14. All documents and communications concerning whether Defendants ever occupied, stayed overnight in, and/or resided in the Premises at any time, including the dates of same, if any.

15. All documents and communications concerning Defendants' statement that Plaintiff arbitrarily ceased funding the construction on the Premises as set forth in "Answer No. 26" to Defendants' Objection and Responses.

16. All documents and communications concerning requests for funding relating to the construction of the Premises.

17. All documents and communications concerning funding provided by Plaintiff in connection with the construction of the Premises.

18. All documents and communications concerning Defendants' plans to construct, market and/or sell the Premises.

19. All documents and communications upon which Defendants intend to rely to defend against Plaintiff's allegation that they defaulted under the terms of the Project Loan Note.

20. All documents and communications upon which Defendants intend to rely to defend against Plaintiff's allegation that they defaulted under the terms of the Building Loan Note.

21. All documents and communications upon which Defendants intend to rely to support their denial set forth in "Answer No. 27" to Defendants' Objection and Responses to the statement that they failed to pay Plaintiff the amounts due under the Project Loan Note and the Building Loan Note when those promissory notes matured on January 4, 2018.

22. All documents and communications upon which Defendants intend to rely to support their denial set forth in "Answer No. 28" to Defendants' Objection and Responses to the statement that they failed to pay the cost on insurance on the Premises since November 1, 2017 as same became due.

23. All documents and communications upon which Defendants intend to rely to support their denial set forth in "Answer No. 29" to Defendants' Objection and Responses to the statement that they failed to pay real estate taxes on the Premises as same became due since November 1, 2017.

24. All documents and communications concerning any change(s) to the Development Budget and Timeline referred to by Defendants in their "Answer No. 30" to Defendants' Objection and Responses.

4816-6492-0826, v. 1

25. All documents and communications concerning the construction, marketing and/or attempts to sell the Premises.

26. All documents and communications concerning Defendants' allegation that Plaintiff failed "to make time disbursements of the Project Loan" referred to in the column written by Defendants as a topic for initial disclosure for the witness identified as Brad Jackson in Defendants' Initial Disclosures.

27. All documents and communications concerning "facts relating to Defendants' defenses" referred to in the column written by Defendants as a topic for initial disclosure for the witnesses identified as: (a) Paul J. Manafort Jr.; (b) Kathleen B. Manafort; (c) Bruce E. Baldinger; (d) Brad Johnson and (e) Dennis Raico in Defendants' Initial Disclosures.

28. All documents and communications by and between Defendants and/or their agents or representatives and Brad Johnson concerning the Premises, the Building Loan Note, the Project Loan Note and/or the Premises.

Dated: Mineola, New York
September 9, 2021

                                        MELTZER, LIPPE, GOLDSTEIN
                                        & BREITSTONE, LLP
                                          *Attorneys for Plaintiff*

                                        By: _____
                                          Thomas J. McGowan (tm2854)
                                          190 Willis Avenue
                                          Mineola, New York 11501
                                          (516) 747-0300
                                          tmcgowan@meltzerlippe.com

TO:   Brittney Denley. Esq.
        Nafiz Cekirge, Esq.
        RILEY SAFER HOLMES & CANCILA LLP
        *Attorneys for Defendant*
        136 Madison Avenue
        6th Floor

7

4816-6492-0826, v. 1

New York, NY 10016
718-662-8530
*(Via FedEx Overnight and Email: bdenley@rshc-law.com)*
*(Via Email: NCekirge@rshc-law.com)*

Rodney Perry, Esq.
Matthew C. Crowl, Esq.
RILEY SAFER HOLMES & CANCILA, LLP
*Attorneys for Defendant*
70 West Madison, Suite 2900
Chicago, Illinois 60602
(312) 471-8731
*(Via Email: rperry@rshc-law.com)*
*(Via Email: mcrowl@rshc-law.com)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THE FEDERAL SAVINGS BANK,

                    Plaintiff,

-against-

PAUL J. MANAFORT, KATHLEEN B. MANAFORT, and "JOHN DOE 1" through "JOHN DOE 10", the John Doe names being fictitious, said parties intended interest in, or other entities having a lien upon, the premises described in the complaint,

                    Defendants.
---------------------------------------------------------------X

Case No.: 21-cv-01400

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NASSAU  )

Deborah Frascino, being duly sworn, deposes and says: I am not a party to this action; I am over 18 years of age; I reside in Nassau County, New York.

On September 9, 2021, I served a true and correct copy of the within **Plaintiff's First Request to Defendants for Production of Documents**, by causing same to be delivered via FedEx Overnight Delivery upon:

Brittney Denley, Esq. / Nafiz Cekirge, Esq.
RILEY SAFER HOLMES & CANCILA LLP
*Attorneys for Defendants*
136 Madison Avenue, 6th Floor
New York, New York 10016
(718) 662-8530

                                                                              _Deborah Frascino_
                                                                              Deborah Frascino

Sworn to before me this 9th
day of September, 2021

_____
Notary Public

SHARON M. BROWN
Notary Public, State of New York
No. 01BR6195437
Qualified in Suffolk County
My Commission Exp. 10/20/2024

4818-9698-7898, v. 1



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

OUR COMPANY
About FedEx
Our Portfolio
Investor Relations
Careers

FedEx Blog
Corporate Responsibility
Newsroom
Contact Us

MORE FROM FEDEX
FedEx Compatible
Developer Resource Center
FedEx Cross Border

LANGUAGE
Change Country
English

FOLLOW FEDEX

© FedEx 1995-2018    Feedback | Site Map | Terms of Use | Security & Privacy



TRACK ANOTHER SHIPMENT

774760821749
ADD NICKNAME

# Delivered
## Friday, September 10, 2021 at 10:02 am

**DELIVERED**
Signed for by: A.FRAZIER

GET STATUS UPDATES

OBTAIN PROOF OF DELIVERY

| FROM | TO |
|---|---|
| MELTZER LIPPE, ET AL. | BRITTNEY DENLEY/NAFIZ CEKIRGE, ESQS |
| THOMAS J. McGOWAN, ESQ. | RILEY SAFER HOLMES & CANCILA LLP |
| 190 WILLIS AVENUE, SUITE 130 | 136 MADISON AVENUE |
| THE CHANCERY | 6TH FLOOR |
| MINEOLA, NY US 11501 | NEW YORK, NY US 10016 |
| 516-747-0300 | 516-747-0300 |

## Travel History

**TIME ZONE**
Local Scan Time

**Friday, September 10, 2021**

| | | |
|---|---|---|
| 10:02 AM | NEW YORK, NY | Delivered |
| 8:39 AM | NEW YORK, NY | On FedEx vehicle for delivery |
| 8:14 AM | NEW YORK, NY | At local FedEx facility |

**Thursday, September 9, 2021**

| | | |
|---|---|---|
| 11:07 PM | NEWARK, NJ | Arrived at FedEx hub |
| 9:23 PM | GARDEN CITY, NY | Left FedEx origin facility |
| 6:28 PM | GARDEN CITY, NY | Picked up |
| 3:53 PM | | Shipment information sent to FedEx |

## Shipment Facts

| TRACKING NUMBER | SERVICE | WEIGHT |
|---|---|---|
| 774760821749 | FedEx Priority Overnight | 0.5 lbs / 0.23 kgs |