

Rodney Perry
312.471.8731
rperry@rshc-law.com@rshc-law.com

October 25, 2021

The Honorable Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 11201

   Re: *The Federal Savings Bank v. Manafort et al.*, Case No. 1:21-cv-01400

Dear Magistrate Judge Henry:

  We represent Defendants Paul J. Manafort, Jr. and Kathleen B. Manafort (collectively, "Defendants") in the above-referenced action. This letter is written in response and opposition to Plaintiff The Federal Savings Bank's ("TFSB") October 21, 2021 letter motion to compel (the "Motion"). For the following reasons, Plaintiff's motion should be denied.

  Since this case began, Plaintiff has adopted a consistent scorched-earth strategy at every turn, including repeatedly engaging in inflammatory and unsupported rhetoric about what Plaintiff's counsel (erroneously) claims is impropriety by Defendants and/or their counsel in one form or another, refusing to agree to the most basic professional courtesies that litigants and counsel routinely afford each other in even the most hotly contested cases, and repeatedly making meritless threats of sanctions any time there is a dispute between the parties. Plaintiff's latest Motion is no different. Plaintiff has—once again—tried to cast Defendants' routine, good-faith request for a short extension of time as somehow representing the height of impropriety. To do so, Plaintiff mischaracterizes the facts, ignores its own discovery failures, and then does precisely what it accuses Defendants of—abrogates the Court's authority unto itself.

  First, Plaintiff's Motion fails as a matter of common sense. Defendants' request for additional time to respond to Plaintiff's requests for production [Dkt. No. 36] is not frivolous or due to neglect or impropriety. As Defendants referenced in their motion for an extension of time, Defendants believe that responsive documents are still in the possession of the U.S. Department of Justice as a result of Mr. Manafort's prior legal proceedings. Indeed, Mr. Manafort's computer, electronic devices, and server were confiscated as part of the Mr. Manafort's criminal proceedings and investigations by the Office of the Special Counsel. Mr. Manafort has been diligently trying to regain access to the documents and/or information on these devices and server. Mr. Manafort has also been working diligently to obtain documents and information responsive to Plaintiff's document requests that may be in the possession of third parties who were acting on his behalf or at his request while he was incarcerated. Thus, contrary to the inflammatory accusations in Plaintiff's Motion, Defendants are attempting to obtain the necessary documents and information to provide thorough, fulsome responses to Plaintiff's discovery requests.

Second, Plaintiff's Motion mischaracterizes the record and the facts to try and paint Defendants in a worse light. As an initial matter, contrary to Plaintiff's representations, Judge Hall did not "acknowledge[] that TFSB can establish a *prima facie* entitlement to summary judgment right now." Further, although Plaintiff has technically provided written responses to Defendants' requests for production, Plaintiff simply copy-and-pasted the exact same two-sentence objection to nearly all of Defendants' requests and has refused to produce the overwhelming majority of documents requested by Defendants based on the erroneous position that the Court has imposed some *unidentified* limit on the scope of discovery in this case. All told, Plaintiff's "responses" to Defendants' document requests are akin to no response at all. Plaintiff took an even more egregious approach with respect to Defendants' interrogatories propounded upon Plaintiff. There, Plaintiff refused to serve *any* written responses because it claimed the interrogatories numbered more than twenty-five when subparts were included. But the interrogatories did not contain subparts. And, oddly, Plaintiff refuses to identify which interrogatories it was referring to or how they were improper. Nor did Plaintiff file a motion to that effect. Instead, it simply chose not to respond at all. Defendants will bring their motion to compel after conferring with Plaintiff's counsel.

Third, Plaintiff's Motion shows that it—not Defendants—is attempting to abrogate the Court's authority. Without citing any authority in support, Plaintiff argues that Defendants somehow had an obligation to moot their own motion for an extension of time by immediately providing responses to the requests for production upon Plaintiff's counsel's demand after Defendants filed their motion for an extension. Putting aside the illogical nature of Plaintiff's proposition, Plaintiff is essentially arguing that it can set deadlines for how quickly the Court must rule on a motion for extension of time. But Plaintiff is not in charge of how the Court manages its docket. And it is not "outrageous" or "arrogant" for Defendants to wait for the Court to rule on their motion or to respond by the short, extended deadline requested. Tellingly, Defendants did not use the lack of a ruling in bad faith by arguing, for instance, that they had no obligation to provide *any* responses until the Court ruled. Instead, Defendants simply told Plaintiff that they would respond within the amount of time they requested from this Court, unless the Court sets an earlier deadline.

Finally, as Defendants argued in their motion for an extension of time, Plaintiff is not suffering any prejudice by the short extension requested by Defendants. Although Plaintiff has repeatedly referenced comments made by Judge Hall about the length and type of discovery, there have been no changes made to the discovery schedule, under which fact discovery closes on January 14, 2022, or the scope of discovery available to Defendants under the Federal Rules of Civil Procedure. Moreover, although Plaintiff predictably argued that Defendants' motion to dismiss was "sanctionably frivolous" even before it was filed [Dkt. 20], that motion is still pending, as is Plaintiff's own request for a discovery conference to address the scope of discovery that Defendants can pursue. *See* Dkt. 34.

Plaintiff's colorful language and baseless accusations aside, there is no grand conspiracy here by Defendants to delay resolution of this matter. Defendants' request for an extension of time and its efforts to retrieve responsive documents have been made in good faith. As a result, Plaintiff's motion to compel should be denied and Defendants' motion for extension of time should be granted.

Sincerely,

Rodney Perry
RILEY SAFER HOLMES & CANCILA LLP
*Attorney for Defendants*